UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **HERMAN CHANDLER, JR., ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-353-SDD-RLB** |
| **RYDER TRUCK RENTAL, INC., ET AL.** | **CONSOLIDATED WITH CV 18-360-SDD-RLB** |
| | **This Order Pertains to Both Cases** |

## ORDER

Before the Court is Defendant Great West Casualty Company's ("Great West") Rule 37 Motion to Compel Discovery (R. Doc. 39) filed on January 7, 2019.[1] The deadline for filing an opposition has expired. LR 7(f). Accordingly, the Motion is unopposed.

Great West seeks an order compelling responses to a set of interrogatories and requests for production it served on the plaintiff Herman Chandler (R. Doc. 39-4) and a separate set of interrogatories and requests for production it served on the plaintiff Connie Chandler (R. Doc. 39-5). The discovery requests state that they were served on August 22, 2018. (R. Doc. 39-4 at 9, 16; R. Doc. 39-5 at 10, 17). In support of the Motion, however, Great West represents that the discovery requests were "issued" on October 5, 2018. (R. Doc. 39-1 at 2).

On November 13, 2018, counsel for Great West sought a telephone discovery conference with Plaintiffs' counsel for the purpose of discussing the outstanding responses to the discovery requests. (R. Doc. 39-6).

---

[1] On January 8, 2019, Great West filed a Motion to Substitute Record for the purpose of substituting the Motion to Compel and accompanying documents on letter-size paper and with proper margins. (R. Doc. 41). The Court granted the Motion to Substitute on January 14, 2019.

On November 30, 2018, the parties held a telephone discovery conference, and Great West extended the deadline to respond to the discovery requests to December 21, 2018. (R. Doc. 39-7).

On December 18, 2018, Great West extended the deadline to respond to the discovery requests to January 3, 2019 at the request of Plaintiffs' counsel. (R. Doc. 39-8).

Despite the two extensions, Plaintiffs did not respond to the discovery requests. (R. Doc. 39-2). Great West filed the instant Motion on January 7, 2019. (R. Doc. 39). Plaintiffs did not file a timely opposition to the instant Motion.

The record indicates that Plaintiffs failed to respond to Great West's discovery requests despite having been provided two extensions to respond.[2] Plaintiffs also failed to file any opposition to the instant Motion. Given the record, the Court will grant the Motion in its entirety, including providing an award of reasonable expenses incurred in making the Motion, including attorney's fees, pursuant to Rule 37(a)(5)(A) of the Federal Rules of Civil Procedure.

For the foregoing reasons,

**IT IS ORDERED** that Great West's Rule 37 Motion to Compel Discovery (R. Doc. 39) is **GRANTED**. Plaintiffs must provide responses to Great West's interrogatories and requests for production no later than **7 days** from the date of this Order.

**IT IS FURTHER ORDERED** that Great West is entitled to an award of the reasonable attorney's fees and costs that it incurred in bringing this Motion to Compel, and that Plaintiffs' counsel shall be responsible for such payment. In connection with this award, the parties are to do the following:

---

[2] Plaintiffs had 30 days to respond to the interrogatories and requests for production after they were served. Fed. R. Civ. P. 33(b)(2); Fed. R. Civ. P. 34(b)(2)(A). The record indicates that the parties stipulated to two extensions of the deadline to respond pursuant to Rule 29 as allowed by Rule 33(b)(2) and Rule 34(b)(2)(A).

(1) If the parties are able to resolve this among themselves or otherwise agree to a reasonable amount of attorney's fees and costs,[3] Plaintiffs' counsel shall pay that amount;

(2) If the parties do <u>not</u> agree to a resolution, Great West may, within **14 days** of the docketing of this Order, file a Motion for Fees and Costs pursuant to Rule 37, setting forth the reasonable amount of costs and attorney's fees (including evidentiary support) incurred in obtaining this Order; and

(3) Plaintiffs shall, within 7 days of the filing of Great West's Motion, file any opposition pertaining to the imposition of the amounts requested by Great West.

Signed in Baton Rouge, Louisiana, on February 6, 2019.

                                            **RICHARD L. BOURGEOIS, JR.**
                                            **UNITED STATES MAGISTRATE JUDGE**

---

[3] This Court has previously found that a relatively modest award was reasonable under similar circumstances. *See Talley v. State Farm Mutual Automobile Ins. Co.,* No. 16-cv-406, ECF No. 15 (M.D. La. Dec. 9, 2016) ($250 award). The Court also recognizes that a reasonable award under Rule 37 may be less than the actual fees incurred.